UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Harley−Davidson Motor Company, Inc.

                                Plaintiff,

v.                                                                                      Case No.:
                                                                                    1:25−cv−00808

                                                                                    Honorable Thomas
                                                                                    M. Durkin

The Partnerships and Unincorporated Associations
Identified on Schedule A

                                                     Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 4, 2025:

      MINUTE entry before the Honorable Thomas M. Durkin: Pending before the Court is Plaintiff's *ex parte* motion for a temporary restraining order ("TRO") against 39 defendants ("Defendants"). This Court has declined to grant the extraordinary remedy of a TRO in other "Schedule A" cases absent evidence that each Defendant sold and delivered an allegedly infringing product to an Illinois customer. Following the Court's inquiry about that evidence during the January 29, 2025 *ex parte* hearing on the motion for a TRO in this case, Plaintiff's counsel filed a supplemental brief contesting the delivery requirement and a renewed motion. See R. 25. Upon review of the relevant case law and the factual record, the Court finds the evidence that Plaintiff ordered and paid for an allegedly infringing product to be delivered to Illinois sufficient to show that each Defendant purposefully availed itself of the privilege of conducting business in Illinois, without confirmation of delivery to Illinois. *See* R. 26 16 (attesting that orders were placed from all Defendants to addresses in Illinois); R. 16−1 (screenshots showing confirmed, paid−for orders by buyers with Illinois shipping addresses); *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 400 (7th Cir. 2020) (defendant's sales to Illinois residents "provides solid evidence that [defendant] has purposely exploited the Illinois market") (citation omitted); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (finding purposeful direction where defendant both maintained website from which orders could be placed from Illinois and "knowingly did do business with Illinois residents&qu;ot;); *see also NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 62223 (7th Cir. 2022) (citing *Curry* and *Hemi* with approval); *Pit Viper LLC v. Xi'an Jiaye Tengda Trading Co., Ltd.*, No. 23 C 14761, 2024 WL 5039888, at *4 (N.D. Ill. Dec. 9, 2024) (finding personal jurisdiction where defendant sold a counterfeit product to plaintiff for shipment to an Illinois address but cancelled the order several days later); *Manchester United Football Club Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 CV 5692, 2024 WL 5202272, at *5 (N.D. Ill. Dec. 23, 2024) (finding personal jurisdiction where defendant accepted an order from an Illinois resident, received payment, and then canceled the order). On that basis, the renewed motion for a TRO [27] is granted and the previously filed motion for a TRO [12] is stricken as moot. Plaintiff is to submit a proposed TRO

consistent with this order to the Proposed Order Inbox. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.